In General Term, December 1854.

STORER, SPENCER, and GHOLSON presiding.

HORACE BROWNSON *vs.* JOHN A. METCALFE & Co.

The statute authorizing actions to be brought against defendants in their partnership name, is limited in its operation to actions against companies or associations of persons formed for carrying on business in Ohio, and who have a place of business in the county in which the action is brought.

Where a foreign firm is sued in its firm name, and answers, and a verdict is taken upon the defence set up in the answer, without objection to the irregularity, they will be deemed to have waived their strict legal right to object.

For the purpose, however, of regularity of practice, the court may, under a view of all the circumstances in such a case, exercise a sound discretion in ordering an amendment of the irregularity.

GHOLSON, J. delivered the opinion of the Court.

This case comes before us on questions reserved from the Special Term. The first question is, whether the act of the General Assembly, *Swan's Stat.* 706, authorizing suits to be brought against a partnership by its firm name without setting forth in the process and pleadings or proving on the trial the names of the persons composing the company, extends to an action against non-resident partners, in which an order of attachment against their prop-

erty has been issued ? We think that the proper construction of that statute, limits its operation to suits against companies or associations of persons formed for carrying on business, or holding property in the State of Ohio, and who have a place of business in the county in which the suit is brought. The second section, taken in connection with the first, we think, requires this construction. It was, therefore, irregular to bring the action, and issue the order of attachment, as appears to have been done in this case.

The next question is, whether the defendants, not having moved to dismiss the proceedings, which we suppose would have been the proper remedy, but having filed an answer, on the part of the partnership, in its firm name, and a verdict having been rendered on a defence set up in the answer, the objection can now be taken ? We think that it is properly a matter resting in the sound discretion of the Judge sitting in the Special Term, whether, under such circumstances, the objection should be entertained. The act of the defendants, in entering an appearance, by filing an answer, must be considered as so far a waiver of the irregularity, and a submitting to the jurisdiction of the Court, as to preclude them from asserting what might have been, at one time a strict legal right, (119 *Ohio.*) And yet, the Court may well so far regard the importance of regularity in its proceedings, as to require them to be corrected by amendment, or otherwise ; and with this view, as both parties may be considered in some degree in fault; one for irregularity in the proceedings, and the other for not objecting thereto, at the proper time, and in the proper manner; the Court may set aside what has been done, on such terms as may be thought just

and proper. Under these views, the case will be remanded to the Special Term, for further proceedings.

C. W. GRAMES and WM. JOHNSTON for plaintiffs.